UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDRICK PAYNE, | : |
| | : |
| Plaintiff, | :    Case Number: 2008-cv- 00163 (CKK) |
| | :    Judge Colleen Kollar-Kotelly |
| v. | : |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers plaintiff's Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The District states the following in response to the individually numbered paragraphs in the Complaint:

**INTRODUCTION**

The allegations asserted in the introduction of the Complaint are legal conclusions to which no response is required. To the extent that the introduction contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial. The District acknowledges the statutes cited in the introduction of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

**JURISDICTION AND VENUE**

1. The allegations asserted in paragraph 1 of the Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 1 of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2. The allegations asserted in paragraph 2 of the Complaint are legal conclusions to which no response is required. The District does not admit that venue is proper in this action.

**PARTIES**

3. The District acknowledges that plaintiff was employed as an elevator inspector with the Department of Consumer and Regulator Affairs ("DCRA") from 2001-2007. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 3.

4. Admitted.

**BACKGROUND FACTS**

5. The District admits plaintiff was employed as a DS-12 elevator operator with DCRA. The District is without sufficient information to admit or deny the remaining allegations contained in paragraph 5.

6. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

7. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

8. The allegations asserted in paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 8 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

9. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

10. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

11. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

12. The District admits that plaintiff was given a notice of termination in November 2006, which was rescinded. The District denied that plaintiff was threatened with termination and strict proof thereof is demanded.

13. The District admits that plaintiff was issued a ten-day suspension on June 27, 2007, issued a fifteen-day notice of proposed removal on July 12, 2007, and issued a notice of removal on September 17, 2007. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

14. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 14.

## COUNT I – "Violation of D.C. Whistleblower's Reinforcement Act"

The District incorporates by reference the allegations in paragraphs 1-14 as stated above.

15. The allegations asserted in paragraph 15 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 15 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

16. The allegations asserted in paragraph 16 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 16 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

17. The allegations asserted in paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 17 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

18. The allegations asserted in paragraph 18 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 18 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

## COUNT II – "Violation of the First Amendment of the U.S. Constitution"

The District incorporates by reference the allegations in paragraphs 1-18 as stated above.

19. The allegations asserted in paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 19 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

20. The allegations asserted in paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 20 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

21. Plaintiff's allegations in paragraph 21 are alleged as to the "individual defendants". They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

### COUNT III – "Violation of Due Process Clause of the Fifth Amendment"

The District incorporates by reference the allegations in paragraphs 1-21 as stated above.

22. The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

23. The allegations asserted in paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

24. Plaintiff allegations in paragraph 24 are alleged as to the "individual defendants". They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

### COUNT IV – Deprivation of a Liberty Interest Without A Name Clearing Hearing

The District incorporates by reference the allegations in paragraphs 1-24 as stated above.

25. Plaintiff allegations in paragraph 25 are alleged as to the "individual defendants." They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

26. The allegations asserted in paragraph 26 of the Complaint are legal conclusions to which no response is required. They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

27. Plaintiff's allegations in paragraph 27 are alleged as to the "individual defendants". They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

## COUNT V – Hostile Work Environment and Violation of Civil Rights Under 42 U.S.C. Sec. 1983

The District incorporates by reference the allegations in paragraphs 1-27 as stated above.

28. The allegations asserted in paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial

29. The allegations asserted in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial

30. Plaintiff's allegations in paragraph 30 are alleged as to the "individual defendants". They have not been served. They have not been served. To the extent these allegations are to the District, all factual allegations are denied and the demands strict proof thereof at trial.

## COUNT VI – "Breach of Contract"

The District incorporates by reference the allegations in paragraphs 1-30 as stated above.

31. The District has moved to dismiss Plaintiff's breach of contract claim in the Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 31-33 require no response.

## COUNT VII – "Civil Conspiracy to Interfere With Mr. Payne's Employment Relations"

The District incorporates by reference the allegations in paragraphs 1-33 as stated above.

34. The District has moved to dismiss Plaintiff's Civil Conspiracy claim in the Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 34-38 require no response.

**COUNT VIII – "Defamation and Tortious Interference With Prospective Advantage"**

The District incorporates by reference the allegations in paragraphs 1-38 as stated above.

39. The District has moved to dismiss Plaintiff's Defamation and Tortious Interference with Prospective Advantage claims in the Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 39-43 require no response.

**COUNT IX – Wrongful Discharge**

The District incorporates by reference the allegations in paragraphs 1-43 as stated above.

44. The District has moved to dismiss Plaintiff's Wrongful Discharge claim in the Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 44-47 require no response.

**RELIEF REQUESTED**

Paragraphs A - I consists of a prayer for relief to which no response is required.

**THIRD DEFENSE**

Plaintiff might have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

**FOURTH DEFENSE**

Plaintiff might have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

**FIFTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

**SIXTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiffs assumed the risk of such injuries by their own willful conduct.

**SEVENTH DEFENSE**

If the plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment.

**EIGHTH DEFENSE**

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

**NINTH DEFENSE**

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate any damages that they may have incurred.

**ELEVENTH DEFENSE**

Plaintiff might have failed to meet the applicable statute of limitations.

**TWELFTH DEFENSE**

This action may be barred by the doctrine of laches and/or unclean hands.

**JURY DEMAND**

The District demands a trial by jury.

**THE DISTRICT** reserves the right to Amend its Answer.

**WHEREFORE**, the District prays that the Court will dismiss the Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    ___/s/ Toni Michelle Jackson_____
    Toni Michelle Jackson [453765]
    Interim Chief, General Litigation, Section III
    Civil Litigation Division

    ___/s/  Kerslyn D. Featherstone_____
    KERSLYN D. FEATHERSTONE [422968]
    Assistant Attorney General
    441 4th Street, N.W.
    6th Floor South
    Washington, D.C. 20001
    P(202) 724-6600
    F(202) 727-3625