UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AUDRICK PAYNE ) | |
| ) | |
| PLAINTIFF ) | |
| v. ) | Civil Action No. 08-0163 (CKK) |
| ) | Jury Trial Demand |
| DISTRICT OF COLUMBIA GOVERNMENT ) | |
| Et al. ) | |
| DEFENDANTS ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Comes now the Plaintiff Audrick Payne ("Plaintiff" or "Payne"), by and through his attorneys, and files this Opposition to Defendant District of Columbia's Motion to Dismiss, or in the Alternative for Summary Judgment and in support thereof, states as follows.

Defendant District of Columbia has filed a motion requesting dismissal or summary judgment on Counts VI through IX of the amended complaint. Defendant contends that Mr. Payne has failed to exhaust his administrative remedies under the Comprehensive Merit Personnel Act ("CMPA") and the Collective Bargaining Agreement ("CBA") between DCRA and the American Federal of Government Employees ("AFGE"), and Mr. Payne has failed to state a proper claim for civil conspiracy. Because Mr. Payne was not required to exhaust his breach of contract claims, and because the administrative remedies are inadequate for the remaining claims the motion should be denied. Additionally, Mr. Payne has alleged that the Defendant

1

solicited members of the public to provide false information to cause his termination, he has sufficiently alleged a civil conspiracy. To the extent the court finds that Mr. Payne has not sufficiently alleged a civil conspiracy, Mr. Payne seeks leave to amend this claim or dismissal of this claim without prejudice.

### Background

Defendant contends that Ms. Payne was an elevator operator who was fired because he started his own elevator inspection consulting company and solicited work from business owners for his private business in violation of D.C. law and personnel regulations, and failed to notify his supervisor prior to suspending elevator service. Memorandum at 1. None of these statements by the District are supported by the record, nor are they true. Mr. Payne was a certified elevator inspector. Amended Complaint at 5. Mr. Payne never solicited work from business owners for his private business. Id. at 22. Mr. Payne did not perform any consulting work in the District of Columbia, and informed his employer of his business and specifically asked if there were any issues with him operating this type of business, and his employer never responded to his inquiry. Id. at 6. Finally, Mr. Payne was legally required to suspend elevator service in buildings which did not comply with District of Columbia fire safety and health regulations, and posed a health and safety risk to residents and he suspended the elevator service at a building in September 2006 after finding over fifty safety violations. Id. at 18.

### Argument

The Defendant argues that Mr. Payne failed to exhaust administrative remedies for Counts VI (Breach of Contract), VII (Civil Conspiracy to Interfere with Mr. Payne's Employment Relations), VIII (Defamation and Tortious Interference with Prospective

Advantage) and IX (Wrongful Discharge). According to the Defendants, each of the claims fall within the purview of the CMPA and the CBA, and must be exhausted. Defendant maintains that Mr. Payne has not alleged that the District breached any portion of the CBA and Mr. Payne is currently exercising his right to arbitrate under the CBA.

The principal purpose of the CMPA is to "assure that the District of Columbia government shall have a modern flexible system of public personnel administration, which shall . . . [e]stablish impartial and comprehensive administrative or negotiated procedures for resolving employee grievances." Id. Section 1-601.2(a)(5); cf. Robinson v. Dist. Of Columbia, 748 A.2d 409, 411 (D.C. 2000) (holding that "with few exceptions, the CMPA is the exclusive remedy for a District of Columbia employee who has a work related complaint of any kind"). The CMPA provides that "[a]n appeal form a removal . . . may be made to the [OEA]." Id. Sec. 1-616.52(b); see also id Sec. 1-603.03(a) (detailing the procedure for appeal to OEA from adverse actions). The provision governing OEA appeals provides the employee with a right to judicial review of the OEA decision in D.C. Superior Court. Id. Sec. 1-603.03(d).

A plaintiff also has recourse to the CBA executed by his or her union and the District. Where a CBA provides an alternative grievance procedure, an employee may opt to avail himself of either the contractual procedure or that provided by the CMPA, "but not both." Id. Sec. 1-616.52(2). Should the employee choose to arbitrate under the CBA, he may appeal the decision to the Public Employee Relations Board ("PERB"). Id. Sec. 1-605.02(6). Finally, the CMPA provides for review of the decision of the applicable appellate authority—OEA or PERB—in D.C. Superior Court. Id. Sec. 1-605.02(12), 1-617.13(c).

An exception to the exhaustion requirement exists "where administrative remedies are inadequate." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 107 (D.C. Cir. 1986). "The administrative process is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong." Id. Several courts have interpreted this to prohibit a court from dismissing federal claims in cases in which a D.C. employee requests punitive damages. See McManus v. District of Columbia, 2007 WL 4573442 (D.D.C. Dec. 31, 2007) (Judge Kollar-Kotelly) (noting jurisdiction over D.C. employees federal due process claims alleging that defendants engaged in a conspiracy to deprive them of administrative relief in connection with employment benefits because prayer for relief included punitive damages); Am. Fed. Of Gov't Employees v. Dist. Of Columbia, 2005 WL 1017877, at *5 (D.D.C. May 2, 2005 (Judge Bates) (noting jurisdiction over public union's First Amendment claim regarding change in leave policy of D.C. Fire Department restricting access to public officials); Crockett v. D.C. Metro. Police Dep't, 293 F. Supp. 2d 63, 67 (D.D.C. 2003) (Judge Leon) (holding that because "Crockett has requested . . . punitive damages that the OEA is not authorized to grant [under the CMPA] . . . the administrative forum . . . could not have provided a full and fail opportunity to litigate [the plaintiff's] federal claims").

A.    Mr. Payne was not required to exhaust his breach of contract claim.

Defendants first contend that Mr. Payne alleged that DCRA breached an express or implied contract and "interfered with his employment contract by forcing him off the DCRA payroll by terminating his employment." In fact, Mr. Payne alleged that "Defendants breached Mr. Payne's express or implied contract with DCRA and interfered

4

with Mr. Payne's employment contract by forcing him off the DCRA payroll, terminating his employment, **refusing to pay Mr. Payne wages due from November 2006 through termination in July 2007, as ordered by the hearing officer, and for annual leave and compensatory time, and refusing to provide Mr. Payne with the required statutory notice of his right to obtain other health insurance following the termination of his employment with DCRA**." Amended Complaint at 40 (emphasis added).

In <u>Winder v. Erste</u> Civ. Action No. 03-2623 (9/30/07 Memorandum Opinion) (Judge Bates), the district court denied the District's motion for summary judgment on Plaintiff Winder's claim that the District breached an employment contract by terminating him without cause and denying the plaintiff sick and annual leave, compensatory leave and pension contributions, after the District argued that this aspect of Plaintiff's complaint was preempted by the DMPA. Judge Bates reached this conclusion after the OEA concluded that it lacked jurisdiction over Plaintiff's appeal of the breack of contract issue and stated that the plaintiff had no recourse under the CMPA. Mem. Op at 25-26.

Similarly, Mr. Payne's CBA does not address the claims he raises in the breach of contract count of his amended complaint. <u>See</u> CBA generallyDefendant's Exhibit 6) Therefore, an arbitrator reviewing a grievance under the CBA has no authority to grant Mr. Payne the relief he seeks under the breach of contract claim in this court and consequential damages. This claim should not be dismissed.

    B.    <u>The administrative remedies were inadequate for Mr. Payne's claims of defamation and tortuous interference.</u>

5

Defendant asserts that Mr. Payne's allegations of defamation, tortuous interference and wrongful discharge each fall within the broad definition of grievance, and to the extent they pertain to Mr. Payne's termination, these are work related claims under the CMPA and Mr. Payne's exclusive remedy is the CMPA or the CBA.

These claims should not be dismissed because they do not pertain to his termination because they preceded Mr. Payne's termination and occurred over a three year period leading up to his first termination in 2006. Further, Mr. Payne seeks punitive damages which would not be available in the administrative forum. Mr. Payne's claims of defamation and tortuous interference arise from Mr. Payne being reassigned to desk duty because he would not risk his health and safety and inspect a building after the owners modified the fire system without permits, Amended Complaint at 16; Mr. Payne was placed on desk duty after shutting down elevators in a building with fifty safety hazards, Amended Complaint at 18; and Mr. Payne was terminated in November 2006 and ordered reinstated with back pay in 2007, and was returned to work to be terminated on the day he returned, after the DCRA solicited members of the public to provide sworn statements that Mr. Payne solicited business from them, Amended Complaint at 19, 49.

Because Mr. Payne seeks punitive damages for these claims, the administrative remedies are inadequate. The motion should be denied on these counts.

C. <u>Mr. Payne has alleged a civil conspiracy.</u>

Defendants next argue that Mr. Payne has failed to specify in detail the factual basis for each allegation of the civil conspiracy, and District officials can not conspire among themselves. Mr. Payne alleged that building owners set up companies which they owned to inspect their building elevators, and when he complained to his supervisors

6

about this violation and other safety violations, the building owners complained about him to get him terminated and DCRA moved to terminate him.  Amended Complaint at 10, 11, 16 and 18.  Mr. Payne also complained that the Defendants "attempt[ed] to manufacture false information against Mr. Payne or to spread false or malicious information regarding Mr. Payne" Amended Complaint at  43.  Mr. Payne also alleged that "Defendants solicited members of the public to provide false information about Mr. Payne to cause his termination."  Amended Complaint at  49; Defendant's Exhibit 2 at 4 of 7 (noting that DCRA conducted interviews of business customers regulated by DCRA, Deborah Marten and William Clark, and Mr. Payne was terminated based in part on statements from these individuals).  Mr. Payne denies that he solicited business from either of these individuals, and he maintains that these individuals were solicited by DCRA to provide false statements against him.  Mr. Payne believes he has alleged a civil conspiracy, but to the extend the court finds that Mr. Payne has not sufficiently alleged a civil conspiracy, Mr. Payne seeks leave to amend this claim or dismissal of this claim without prejudice.

      For these reasons, the motion to dismiss should be denied.


                Respectfully submitted,

                */s/ David A. Branch*

                David A. Branch #437864
                Law Office of David A. Branch
                1825 Connecticut Avenue, NW
                Suite 690
                Washington, D.C. 20009
                (202) 785-2805

## Certificate of Service

I hereby certify this 19th day of June 2008 that the foregoing copy of Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss was served by electronic mail to counsel listed below:

Kerslyn D. Featherstone
kerslyn.featherstone@dc.gov
Assistant Attorney General
District of Columbia Government
441 4th Street, NW
Washington, DC 20001

                 */s/ David A. Branch*
                 David A. Branch