UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AUDRICK PAYNE,** | : | |
| | : | |
| Plaintiff, | : | Case Number: 2008-cv- 00163 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DEFENDANT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## DEFENDANTS LISA MORGAN, LINDA ARGO AND PATRICK CANAVAN'S ANSWER TO THE AMENDED COMPLAINT

Defendants Lisa Morgan, Linda Argo, and Patrick Canavan (hereinafter "Defendants"), by and through undersigned counsel, hereby answer plaintiff's Amended Complaint in the above-captioned matter. Defendants assert that anything not specifically admitted herein is denied, and answer the Amended Complaint as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants state the following in response to the individually numbered paragraphs in the Amended Complaint:

### INTRODUCTION

The allegations asserted in the introduction of the Amended Complaint are legal conclusions to which no response is required. To the extent that the introduction contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

Defendants acknowledge the statutes cited in the introduction of the Amended Complaint, but do not admit that jurisdiction is necessarily conferred therefrom.

## JURISDICTION AND VENUE

1. The allegations asserted in paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. Defendants acknowledge the statutes cited in paragraph 1 of the Amended Complaint, but do not admit that jurisdiction is necessarily conferred therefrom.

2. The allegations asserted in paragraph 2 of the Amended Complaint are legal conclusions to which no response is required. Defendants do not admit that venue is proper in this action.

## PARTIES

3. Defendants acknowledge that plaintiff was employed as an elevator inspector with the Department of Consumer and Regulator Affairs ("DCRA") from 2001-2007. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 3.

4. Defendants admit that Nicholas Majett, and the defendants are current and/or former employees of DCRA. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 4.

## BACKGROUND FACTS

5. Defendants admit plaintiff was employed as a DS-12 elevator operator with DCRA. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

7. The allegations asserted in paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 7 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

19. Defendants admit that plaintiff was given a notice of termination in November 2006, which was rescinded. Defendants deny the remaining allegations in paragraph 19 and strict proof thereof is demanded.

20. Defendants admit that plaintiff was issued a ten-day suspension on June 27, 2007, and issued a fifteen-day notice of proposed removal on July 12, 2007. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. To the extent that a response is required, the remaining allegations are denied and strict proof thereof is demanded.

21. Defendants admit that plaintiff was issued a notice of removal on September 17, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

22. Defendants are without sufficient information to admit or deny the factual allegations contained in paragraph 22.

### COUNT I – "Violation of D.C. Whistleblower's Reinforcement Act" (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-22 as stated above.

23. The allegations asserted in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

24. The allegations asserted in paragraph 24 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

25. The allegations asserted in paragraph 25 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 25 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

26. The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

27. The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 27 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

### COUNT II – "Violation of the First Amendment of the U.S. Constitution" ((Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-27 as stated above.

28. The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

29. The allegations asserted in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

30. The allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 30 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

### COUNT III – "Violation of Due Process Clause of the Fifth Amendment" (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-30 as stated above.

31. The allegations asserted in paragraph 31 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 31 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

32. The allegations asserted in paragraph 32 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 32 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

33. The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

**COUNT IV – Deprivation of a Liberty Interest Without A Name Clearing Hearing (Linda Argo, Lisa Morgan, Patrick Canavan)**

Defendants incorporate by reference the allegations in paragraphs 1-33 as stated above.

34. The allegations asserted in paragraph 34 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 34 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

35. The allegations asserted in paragraph 35 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 35 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

36. The allegations asserted in paragraph 36 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 36 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

## COUNT V – Hostile Work Environment and Violation of Civil Rights Under 42 U.S.C. Sec. 1983 (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-36 as stated above.

37. The allegations asserted in paragraph 37 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 37 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial

38. The allegations asserted in paragraph 38 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 38 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial

39. The allegations asserted in paragraph 39 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 39 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

## COUNT VI – "Breach of Contract"

Defendants incorporate by reference the allegations in paragraphs 1-39 as stated above.

40. The allegations asserted in paragraphs 40-42 of the Amended Complain apply only to District of Columbia and not to the individual defendants.  To the extent that paragraph 40 contains factual allegations, Defendants deny all factual allegations and demand strict proof thereof at trial.

## COUNT VII – "Civil Conspiracy to Interfere With Mr. Payne's Employment Relations" (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-42 as stated above.

43. Defendants have moved to dismiss Plaintiff's Civil Conspiracy claim in the Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 43-47 require no response.

### COUNT VIII – "Defamation and Tortious Interference With Prospective Advantage" (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-47 as stated above.

48. Defendants have moved to dismiss Plaintiff's Defamation and Tortious Interference with Prospective Advantage claims in the Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 48-52 require no response.

### COUNT IX – Wrongful Discharge (Linda Argo, Lisa Morgan, Patrick Canavan)

Defendants incorporate by reference the allegations in paragraphs 1-52 as stated above.

53. Defendants have moved to dismiss Plaintiff's Wrongful Discharge claim in the Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 53-56 require no response.

### RELIEF REQUESTED

Paragraphs A - I consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### FOURTH DEFENSE

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

**FIFTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

**SIXTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by his own willful conduct.

**SEVENTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than Defendants, acting within the scope of their employment.

**EIGHTH DEFENSE**

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

**NINTH DEFENSE**

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate any damages that he may have incurred.

**ELEVENTH DEFENSE**

Plaintiff may have failed to meet the applicable statute of limitations.

**TWELFTH DEFENSE**

This action may be barred by the doctrine of laches and/or unclean hands.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of qualified immunity, absolute immunity and discretionary immunity and absence of bad faith.

**FOURTEENTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of collateral estoppel and *res judicata.*

**FIFTEENTH DEFENSE**

Plaintiff's claims may be barred by an arbitration and award.

**JURY DEMAND**

Defendants demand a trial by jury.

Defendants reserve the right to amend its Answer

**WHEREFORE**, Defendants pray that the Court will dismiss the Amended Complaint and award Defendants the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the Defendant of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

     /s/ Toni Michelle Jackson
Toni Michelle Jackson [453765]
Interim Chief, General Litigation Section III
Civil Litigation Division

     /s/  Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.

6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625