UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AUDRICK PAYNE,** | : | |
| | : | |
| Plaintiff, | : | Case Number: 2008-cv- 00163 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("District"), through undersigned counsel, hereby files this reply to plaintiff's opposition to the District's Partial Motion to Dismiss or, in the Alternative, for Summary Judgment.

**ARGUMENT**

**I.   PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS TO HIS BREACH OF CONTRACT CLAIM.**

In his opposition, plaintiff argues that he was not required to exhaust his administrative remedies on his alleged breach of contract claim. In support of his argument, plaintiff relies on *Winder v. Erste*, Civ. Action No. 03-2623 (9/30/07 Memorandum Opinion). Plaintiff's arguments are misplaced and must fail.

First, *Winder* is inapposite. *Winder* was an at-will employee hired under a one-year written contract. *Id.* Here, plaintiff was a career service employee whose employment was governed by a Collective Bargaining Agreement ("CBA") entered into by D.C. Consumer and Regulatory Affairs ("DCRA") and the American Federation of Government Employees ("AFGE"). *See* Motion to Dismiss, Exh. 6.

Second, in *Winder,* the Court concluded that plaintiff was due benefits under his employment contract, when properly terminated, because the Office of Employee Appeals ("OEA") concluded that it lacked jurisdiction over plaintiff's appeal. *See Winder, supra.* Here, plaintiff in the instant action never appealed his termination to OEA. In fact, plaintiff chose to arbitrate his termination under the CBA and is currently doing so now. *See* Motion to Dismiss, Exh. 4. Plaintiff argues in his opposition that the "CBA does not address the claims he raises in the breach of contract count of his amended complaint." *See* Opposition at 5.

If this is plaintiff's argument, then he has an alternative means to address his concerns and that is to challenge his termination with OEA. Plaintiff cannot circumvent the procedures designed to address his termination issues and come before this Court and seek relief, while also grieving his termination through his CBA. *See* D.C. Code § 1-616.52 (2001) (the Comprehensive Merit Personnel Act ("CPMA") provides that a District employee may challenge his or her termination in either of two ways: (1) by appeal to the Office of Employee Appeals ("OEA"), and from there to the D.C. Superior Court; or (2) by any alternative procedure delineated in a collective bargaining agreement between the District and the employee's union). Plaintiff must first exhaust his administrative remedies as provided under the CMPA. *Id.*

Therefore, plaintiff's breach of contract claim must dismissed as a matter of law because plaintiff has not exhausted his administrative remedies under the CMPA or the CBA.

II. **PLAINTIFF'S CLAIMS OF DEFAMATION AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE ARE GOVERNED BY THE CMPA AND CBA; THEREFORE PLANTIFF MUST EXHAUST HIS ADMINISTRATIVE REMEDIES.**

In his opposition, plaintiff argues that "these claims should not be dismissed because they do not pertain to his termination." *See* Opposition at 6. However, plaintiff alleges that the actions of defendant affected his ability to maintain employment with DCRA or seek future employment. *See*

2

Amended Complaint at 16, ¶s 48 -52.  The D.C. Court of Appeals has held that the CMPA is the "exclusive remedy for a District employee who has a work related complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)  At its bare bones, plaintiff's allegations fall squarely within those work-related matters governed under the CMPA and plaintiff's exclusive remedy is the CMPA or the CBA.  *Id.*

Plaintiff further argues that because he is seeking punitive damages, administrative remedies are in adequate.  However, this argument must fail because punitive damages are not available against the District of Columbia.  Punitive damages are not available against the District of Columbia unless expressly mandated by statute, or in "extraordinary circumstances." *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Butera v. District of Columbia,* 344 U.S. App. D.C. 265 (D.C. Cir. 2001); *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975).

The D.C. Circuit has interpreted "extraordinary circumstances" to include situations "where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused [a] plaintiff's injuries," or where "a municipality or its policymakers have intentionally adopted [an] unconstitutional policy that caused the damages in question*." Daskalea v. District of Columbia*, 261, 227 F.3d 433, 447 (D.C. Cir. 2000); *see also Butera v. District of Columbia*, 235 F.3d at 658.

Plaintiff neither cites any statutory authority for a claim of punitive damages, nor does he plead facts that constitute "extraordinary circumstances."  Therefore, the Court should not consider this argument by plaintiff because punitive damages are not awardable against the District as a matter of law.

Lastly, plaintiff did not challenge the District's argument that his wrongful discharge claim is currently being arbitrated under his CBA and thus, is premature to bring before this Court. Therefore, his claim of wrongful discharge must be dismissed.

### III. **DISTRICT EMPLOYEES AND ITS REPRESENTATIVES CANNOT CONSPIRE AMONG THEMSELVES; PLAINTIFF'S CLAIM OF CIVIL CONSPIRACY MUST BE DISMISSED.**

Plaintiff argues in his opposition that he believes he has alleged a claim of conspiracy. *See* Opposition at 6-7. However, the law in this jurisdiction is clear, it is impossible for the defendants to have entered into a conspiracy, because they all comprise one legal entity—the District of Columbia.

In his opposition, plaintiff re-alleges that the "Defendants" (1) terminated him after he complained to DCRA officials about building owners allegedly setting up their own companies to conduct elevator inspections of their own buildings; (2) attempted to manufacture false information against plaintiff; (3) solicited members of the public to provide false information about plaintiff to cause his termination. *See* Opposition at 7.

At its core, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997), *recon. denied*, 967 F. Supp. 572 (D.D.C. 1997).

It is well-established that governmental entities, including the District of Columbia, its agencies, and its officers, cannot form a conspiracy because the government, the agency, and/or the employees constitute a *single* entity and no one may conspire with him/herself.[1] *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989); *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983); *see also Wright v. Illinois Dept. Children & Family Services*, 40 F.3d 1492, 1507-1509 (7th Cir. 1994); *Hull v. Cuyohoga Valley Board of Education*, 926 F.2d 505, 509-10 (6th Cir. 1990), *cert.*

---

[1] This rule was derived from the rule of intra-corporate immunity for conspiracy claims. According to the Fifth Circuit, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted); *see Okusami v. Psychiatric Institute of Washington*, 959 F.2d 1062, 1066-67 (D.C. Cir. 1992). This is so because a corporation and its officers form a single entity and a single entity cannot conspire with itself. *E.g.*, *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986), *cert. denied*, 482 U.S. 929 (1987); *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984); *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953).

*denied sub nom Hull v. Schuck*, 501 U.S. 1261 (1991); *Hankins v. Dallas Independent School District*, 698 F. Supp. 1323, 1330 (N.D. Tex. 1988).

Here, the plaintiff identifies the parties to the alleged conspiracy as the "Defendants." *See* Opposition at 7. The defendants in this lawsuit are the District of Columbia and four individuals who were District of Columbia officials at the time of the relevant conduct.[2] Plaintiff also asks this Court to grant him leave to amend this claim, without prejudice, if the Court finds that he has not sufficiently pled a claim of civil conspiracy. *Id*. The District opposes such request because civil conspiracy is not a viable claim against the District and its representatives. Because it is black-letter law that the District of Columbia—including its agencies and employees—cannot conspire with itself, the plaintiff's civil conspiracy claim (Count VII) must be dismissed, with prejudice as a matter of law.

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments, Counts VI, VII, VIII and IX of the Amended Complaint should be dismissed, or, in the alternative, summary judgment should be granted in favor of the District.

Date: June 27, 2008

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

          /s/ Toni Michelle Jackson
        Toni Michelle Jackson [453765]
        Chief, General Litigation Section III

---

[2] Nicholas Majett has not been served as of the filing of this motion.

Civil Litigation Division

   /s/  Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625