UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AUDRICK PAYNE,** | : | |
| | : | |
| Plaintiff, | : | Case Number: 2008-cv- 00163 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Lisa Morgan, Linda Argo, and Patrick Canavan (hereinafter "Defendants"), by and through undersigned counsel, hereby file this reply to plaintiff's opposition to Defendants' Partial Motion to Dismiss or, in the Alternative, for Summary Judgment.

**ARGUMENT**

**I.   PLAINTIFF'S CLAIMS OF DEFAMATION AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE ARE GOVERNED BY THE CMPA AND CBA; THEREFORE PLANTIFF MUST EXHAUST HIS ADMINISTRATIVE REMEDIES.**

In his opposition, plaintiff argues that "these claims should not be dismissed because they do not pertain to his termination." *See* Opposition at 5. However, plaintiff alleges that the actions of defendant affected his ability to maintain employment with DCRA or seek future employment. *See* Amended Complaint at 16, ¶s 48 -52. The D.C. Court of Appeals has held that the CMPA is the "exclusive remedy for a District employee who has a work related complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)  At its bare bones, plaintiff's allegations fall squarely within those work-related matters governed under the CMPA and plaintiff's exclusive remedy is the CMPA or the CBA. *Id.*

Lastly, plaintiff did not challenge Defendants' argument that his wrongful discharge claim is currently being arbitrated under his CBA and thus, is premature to bring before this Court. Therefore, his claim of wrongful discharge (Count IX) must be dismissed.

## II. **DISTRICT EMPLOYEES AND ITS REPRESENTATIVES CANNOT CONSPIRE AMONG THEMSELVES; PLAINTIFF'S CLAIM OF CIVIL CONSPIRACY MUST BE DISMISSED.**

Plaintiff argues in his opposition that he believes he has alleged a claim of conspiracy. *See* Opposition at 5-6. However, the law in this jurisdiction is clear, it is impossible for the defendants to have entered into a conspiracy, because they all comprise one legal entity—the District of Columbia. *See Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989).

In his opposition, plaintiff re-alleges that the "Defendants" (1) terminated him after he complained to DCRA officials about building owners allegedly setting up their own companies to conduct elevator inspections of their own buildings; (2) attempted to manufacture false information against plaintiff; (3) solicited members of the public to provide false information about plaintiff to cause his termination. *See* Opposition at 6.

At its core, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997), *recon. denied*, 967 F. Supp. 572 (D.D.C. 1997).

It is well-established that governmental entities, including the District of Columbia, its agencies, and its officers, cannot form a conspiracy because the government, the agency, and/or the employees constitute a *single* entity and no one may conspire with him/herself.[1]  *Michelin v.*

---

[1] This rule was derived from the rule of intra-corporate immunity for conspiracy claims. According to the Fifth Circuit, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted); *see Okusami v. Psychiatric Institute of Washington*, 959 F.2d 1062, 1066-67 (D.C. Cir. 1992). This is so because a corporation and its officers form a single entity and a single entity cannot conspire with itself. *E.g.*, *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986), *cert. denied*, 482 U.S. 929 (1987); *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984); *Nelson Radio & Supply Co. v. Motorola, Inc.*,

*Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989); *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983); *see also Wright v. Illinois Dept. Children & Family Services*, 40 F.3d 1492, 1507-1509 (7th Cir. 1994); *Hull v. Cuyohoga Valley Board of Education*, 926 F.2d 505, 509-10 (6th Cir. 1990), *cert. denied sub nom Hull v. Schuck*, 501 U.S. 1261 (1991); *Hankins v. Dallas Independent School District*, 698 F. Supp. 1323, 1330 (N.D. Tex. 1988).

Here, the plaintiff identifies the parties to the alleged conspiracy as the "Defendants." *See* Opposition at 7. The defendants in this lawsuit are the District of Columbia and four individuals who were District of Columbia officials at the time of the relevant conduct.[2] Plaintiff also asks this Court to grant him leave to amend this claim, without prejudice, if the Court finds that he has not sufficiently pled a claim of civil conspiracy. *Id.* Defendants oppose this request because civil conspiracy is not a viable claim against the District and its representatives. Because it is black-letter law that the District of Columbia—including its agencies and employees—cannot conspire with itself, the plaintiff's civil conspiracy claim (Count VII) must be dismissed, with prejudice as a matter of law.

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments, Counts VII, VIII and IX of the Amended Complaint should be dismissed, or, in the alternative, summary judgment should be granted in favor of the District.

Date: July 14, 2008

                                        Respectfully submitted,

                                        PETER J. NICKLES
                                        Acting Attorney General for the District of Columbia

---

200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953).

[2] Nicholas Majett has not been served as of the filing of this motion.

>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>   /s/ Toni Michelle Jackson
>Toni Michelle Jackson [453765]
>Chief, General Litigation Section III
>Civil Litigation Division
>
>   /s/ Kerslyn D. Featherstone
>KERSLYN D. FEATHERSTONE [478758]
>Assistant Attorney General
>441 4th Street, N.W.
>6th Floor South
>Washington, D.C. 20001
>P(202) 724-6600
>F(202) 727-3625