UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AUDRICK PAYNE,** | : | |
| | : | |
| Plaintiff, | : | Case Number: 2008-cv- 00163 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DEFENDANT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### DEFENDANT NICHOLAS MAJETT'S ANSWER TO THE AMENDED COMPLAINT

Defendant Nicholas Majett (hereinafter "Defendant"), by and through undersigned counsel, hereby answers plaintiff's Amended Complaint in the above-captioned matter. The Defendant asserts that anything not specifically admitted herein is denied, and answers the Amended Complaint as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Defendant states the following in response to the individually numbered paragraphs in the Amended Complaint:

### INTRODUCTION

The allegations asserted in the introduction of the Amended Complaint are legal conclusions to which no response is required. To the extent that the introduction contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

The Defendant acknowledges the statutes cited in the introduction of the Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

## JURISDICTION AND VENUE

1. The allegations asserted in paragraph 1 of the Amended Complaint are legal conclusions to which no response is required. Defendant acknowledges the statutes cited in paragraph 1 of the Amended Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2. The allegations asserted in paragraph 2 of the Amended Complaint are legal conclusions to which no response is required. The Defendant does not admit that venue is proper in this action.

## PARTIES

3. The Defendant acknowledges that plaintiff was employed as an elevator inspector with the Department of Consumer and Regulator Affairs ("DCRA") from 2001-2007. The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 3.

4. The Defendant admits that the named defendants are current and/or former employees of DCRA. The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 4.

## BACKGROUND FACTS

5. The Defendant admits plaintiff was employed as a DS-12 elevator operator with DCRA. The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 5.

6. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

7. The allegations asserted in paragraph 7 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 7 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

12. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

13. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

14. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

15. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

19. The Defendant admits that plaintiff was given a notice of termination in November 2006, which was rescinded. Defendant denies the remaining allegations in paragraph 19 and strict proof thereof is demanded.

20. The Defendant admits that plaintiff was issued a ten-day suspension on June 27, 2007, and issued a fifteen-day notice of proposed removal on July 12, 2007. The Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. To the extent that a response is required, the remaining allegations are denied and strict proof thereof is demanded.

21. The Defendant admits that plaintiff was issued a notice of removal on September 17, 2007. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

22. The Defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 22.

**COUNT I – "Violation of D.C. Whistleblower's Reinforcement Act" (Nicholas Majett)**

The Defendant incorporates by reference the allegations in paragraphs 1-22 as stated above.

23. The allegations asserted in paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

24. The allegations asserted in paragraph 24 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

25. The allegations asserted in paragraph 25 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 25 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

26. The allegations asserted in paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

27. The allegations asserted in paragraph 27 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 27 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

## COUNT II – "Violation of the First Amendment of the U.S. Constitution" (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-27 as stated above.

28. The allegations asserted in paragraph 28 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

29. The allegations asserted in paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 29 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

30. The allegations asserted in paragraph 30 of the Amended Complaint are legal conclusions to which no response is required. To the extent that paragraph 30 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

## COUNT III – "Violation of Due Process Clause of the Fifth Amendment" (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-30 as stated above.

31. The allegations asserted in paragraph 31 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 31 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

32. The allegations asserted in paragraph 32 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 32 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

33. The allegations asserted in paragraph 33 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 33 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

### COUNT IV – Deprivation of a Liberty Interest Without A Name Clearing Hearing
### (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-33 as stated above.

34. The allegations asserted in paragraph 34 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 34 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

35. The allegations asserted in paragraph 35 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 35 contains factual allegations, the Defendant denies all factual allegations and demands strict proof thereof at trial.

36. The allegations asserted in paragraph 36 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 36 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

### COUNT V – Hostile Work Environment and Violation of Civil Rights Under 42 U.S.C. Sec. 1983 (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-36 as stated above.

37. The allegations asserted in paragraph 37 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 37 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial

38. The allegations asserted in paragraph 38 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 38 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial

39. The allegations asserted in paragraph 39 of the Amended Complaint are legal conclusions to which no response is required.  To the extent that paragraph 39 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

## COUNT VI – "Breach of Contract"

The Defendant incorporates by reference the allegations in paragraphs 1-39 as stated above.

40. The allegations asserted in paragraphs 40-42 of the Amended Complaint apply only to District of Columbia and not to the individual defendant.  To the extent that paragraph 40 contains factual allegations, the Defendant denies all factual allegations and demand strict proof thereof at trial.

## COUNT VII – "Civil Conspiracy to Interfere With Mr. Payne's Employment Relations" (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-42 as stated above.

43. The Defendant has moved to dismiss Plaintiff's Civil Conspiracy claim in the Amended Complaint, or in the alternative, for summary judgment.  Therefore, paragraphs 43-47 require no response.

### COUNT VIII – "Defamation and Tortious Interference With Prospective Advantage" (Nicholas Majett)

The Defendant incorporates by reference the allegations in paragraphs 1-47 as stated above.

48. The Defendant has moved to dismiss Plaintiff's Defamation and Tortious Interference with Prospective Advantage claims in the Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 48-52 require no response.

### COUNT IX – Wrongful Discharge (DC Only)

The Defendant incorporates by reference the allegations in paragraphs 1-52 as stated above.

53. Defendants have moved to dismiss Plaintiff's Wrongful Discharge claim in the Amended Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 53-56 require no response.

### RELIEF REQUESTED

Paragraphs A - I consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### FOURTH DEFENSE

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

### FIFTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

**SIXTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by his own willful conduct.

**SEVENTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than Defendant, acting within the scope of their employment.

**EIGHTH DEFENSE**

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

**NINTH DEFENSE**

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in protected activity.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate any damages that he may have incurred.

**ELEVENTH DEFENSE**

Plaintiff may have failed to meet the applicable statute of limitations.

**TWELFTH DEFENSE**

This action may be barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of qualified immunity, absolute immunity, discretionary immunity and absence of bad faith.

### FOURTEENTH DEFENSE

Plaintiff's claims may be barred by the doctrines of collateral estoppel and *res judicata.*

### FIFTEENTH DEFENSE

Plaintiff's claims may be barred by an arbitration and award.

### JURY DEMAND

The Defendant demands a trial by jury.

The Defendant reserves the right to amend its Answer

**WHEREFORE**, the Defendant prays that the Court will dismiss the Amended Complaint and award the Defendant the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Dated: July 25, 2008.

        Respectfully submitted,

        PETER J. NICKLES
        Acting Attorney General for the Defendant of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/ Toni Michelle Jackson_____
        Toni Michelle Jackson [453765]
        Chief, General Litigation Section III
        Civil Litigation Division

        __ /s/  Kerslyn D. Featherstone_____
        KERSLYN D. FEATHERSTONE [478758]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001

P(202) 724-6600
F(202) 727-3625

Case 1:08-cv-00163-CKK   Document 30   Filed 07/25/2008   Page 12 of 12