UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AUDRICK PAYNE,** | : | |
| | : | |
| Plaintiff, | : | Case Number: 2008-cv- 00163 (CKK) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Nicholas Majett's (hereinafter "Defendant Majett"), by and through undersigned counsel, hereby files this reply to plaintiff's opposition to his Partial Motion to Dismiss or, in the Alternative, for Summary Judgment.

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS OF DEFAMATION AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE ARE GOVERNED BY THE CMPA AND CBA; THEREFORE, PLANTIFF MUST EXHAUST HIS ADMINISTRATIVE REMEDIES.**

In his opposition, plaintiff argues that "these claims [defamation and tortuous interference with prospective advantage] should not be dismissed because they do not pertain to his termination." *See* Opposition at 5. However, plaintiff alleges that the actions of defendant affected his ability to maintain employment with DCRA or seek future employment. *See* Amended Complaint at 16, ¶s 48 -52. Moreover, plaintiff alleges that defendant "made false statements to business and potential employers that [plaintiff] was incompetent," which prevented him from gaining employment. *Id.* at 16, ¶ 48. The D.C. Court of Appeals has held that the CMPA is the "exclusive remedy for a District employee who has a work related complaint of any kind."

*Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)  At its bare bones, plaintiff's allegations fall squarely within those work-related matters governed under the CMPA and plaintiff's exclusive remedy is the CMPA or the CBA.  *Id.*  Because plaintiff has not exhausted his administrative remedies under the CMPA or the CBA, those claims must be dismissed or, in the alternative, summary judgment must be granted in favor of defendant Majett.

Lastly, plaintiff did not challenge defendant's argument that his wrongful discharge claim is currently being arbitrated under his CBA and thus, is premature to bring before this Court.  Therefore, plaintiff's claim of wrongful discharge (Count IX) must be dismissed as conceded.  *See* LCvR 7(b); *see also Jackson v. Snow*, 2006 WL 212136 (D.D.C. 2006) (Plaintiff concedes argument through failure to respond); *M.R.S. Enterprise v. Sheet Metal Workers Int'l Ass'n*, 429 F.Supp2d 72 (D.D.C. 2006) (same).

**II.    DISTRICT EMPLOYEES AND ITS REPRESENTATIVES CANNOT CONSPIRE AMONG THEMSELVES; THEREFORE, PLAINTIFF'S CLAIM OF CIVIL CONSPIRACY MUST BE DISMISSED.**

Plaintiff argues in his opposition that he believes he has properly alleged a claim of conspiracy.  *See* Opposition at 5-6.  However, the law in this jurisdiction is clear, it is impossible for the defendant to have entered into a conspiracy, because the defendant Majett, along with the other named defendants all comprise one legal entity—the District of Columbia.  *See Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989).

In his opposition, plaintiff simply re-alleges that the "Defendants" (1) terminated him after he complained to DCRA officials about building owners allegedly setting up their own companies to conduct elevator inspections of their own buildings; (2) attempted to manufacture false information against plaintiff; (3) solicited members of the public to provide false information about plaintiff to cause his termination.  *See* Opposition at 6.  At its core, a civil conspiracy is a

combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997), *recon. denied*, 967 F. Supp. 572 (D.D.C. 1997).

It is well-established that governmental entities, including the District of Columbia, its agencies, and its officers, cannot form a conspiracy because the government, the agency, and/or the employees constitute a *single* entity and no one may conspire with him/herself.[1] *Michelin v. Jenkins*, 704 F. Supp. 1, 4 (D.D.C. 1989); *Gladden v. Barry*, 558 F. Supp. 676, 679 (D.D.C. 1983); *see also Wright v. Illinois Dept. Children & Family Services*, 40 F.3d 1492, 1507-1509 (7th Cir. 1994); *Hull v. Cuyohoga Valley Board of Education*, 926 F.2d 505, 509-10 (6th Cir. 1990), *cert. denied sub nom Hull v. Schuck*, 501 U.S. 1261 (1991); *Hankins v. Dallas Independent School District*, 698 F. Supp. 1323, 1330 (N.D. Tex. 1988).

In this case, the plaintiff identifies the parties to the alleged conspiracy as the "Defendants." *See* Opposition at 7. The defendants in this lawsuit are the District of Columbia and four individuals, including defendant Majett, who were District of Columbia officials at the time of the relevant conduct. Therefore, this defendant is entitled to dismissal of the conspiracy claim against him.

Plaintiff asks this Court to grant him leave to amend this claim, without prejudice, if the Court finds that he has not sufficiently pled a claim of civil conspiracy. *Id*. Defendant opposes this request because civil conspiracy is not a viable claim against the District and its representatives. Moreover, plaintiff's request to amend this claim, made in his opposition to this defendant's

---

[1] This rule was derived from the rule of intra-corporate immunity for conspiracy claims. According to the Fifth Circuit, "a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Fergusan*, 30 F.3d 649, 653 (5th Cir. 1994) (citation omitted); *see Okusami v. Psychiatric Institute of Washington*, 959 F.2d 1062, 1066-67 (D.C. Cir. 1992). This is so because a corporation and its officers form a single entity and a single entity cannot conspire with itself. *E.g.*, *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986), *cert. denied*, 482 U.S. 929 (1987); *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984); *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953).

dismissal motion, is not properly before this Court. Because it is black-letter law that the District of Columbia—including its agencies and employees—cannot conspire with itself, the plaintiff's civil conspiracy claim (Count VII) must be dismissed with prejudice as a matter of law.

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments, Counts VII, VIII and IX of the Amended Complaint should be dismissed, or, in the alternative, summary judgment should be granted in favor of defendant Majett.

Date: August 14, 2008.

        Respectfully submitted,

        PETER J. NICKLES
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        ____/s/ Toni Michelle Jackson /pj_____
        Toni Michelle Jackson [453765]
        Chief, General Litigation Section III
        Civil Litigation Division

        ___/s/  Kerslyn D. Featherstone_____
        KERSLYN D. FEATHERSTONE [478758]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        P(202) 724-6600
        F(202) 727-3625